Hart, J.
The question at issue is whether under Section 5388, General Code, incubator equipment operated in a commercial hatchery is used in agriculture or manufacturing so as to render it assessable for tangible personal property tax purposes at 50 per cent of its true value rather than at 70 per cent of such value, the rate required in case it is not so used.
The determination of the issue involved depends upon the construction of Section 5388, General Code, the pertinent parts of which are as follows:
“Excepting as herein otherwise provided, personal property shall be listed and assessed at 70 per centum of the true value thereof, in money, on the day as of which it is required to be listed * * *.
í i # =H= *
“Personal property of the following kinds, used in business, shall be listed and assessed at 50 per centum of the true value thereof, in money * * *:
“(1) All engines, machinery, tools and implements of a manufacturer mentioned in Section 5386 of the General Code * * * and all engines, machinery, tools, implements and domestic animals used in agriculture
The statutes do not define the term, “agriculture,” as related to the use of personal property for the conduct of agriculture as a business. But in the instant case there was no connection between the use of the property in question and any agricultural pursuit *20 carried on by the taxpayer. A majority of the court is of the opinion that the property in question was not “used in agriculture,” and the Board of Tax Appeals was justified in so holding.
A more serious question is whether the equipment and tools involved in the instant case were the tools and implements of a “manufacturer,” as that term is defined in Section 5385, General Code. This section defines a manufacturer as follows:
“A person who purchases, receives or holds personal property, of any description, for the purpose of adding to the value thereof by manufacturing, refining, rectifying, or by the combination of different materials with a view of making a gain or profit by so doing, is a manufacturer * * *.”
The term, “manufacturing,” is otherwise defined as the production of articles for use from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations, whether by hand labor or by machinery. See the Century Dictionary.
Usually, where, through the use of tools and machinery, commodities or items of personal property are by special treatment or processing transformed into other more valuable items of personal property as a commercial business, the operation is that of manufacturing. If by the use of equipment very similar to the incubator in question more heat had been applied to the eggs, powdered or dehydrated eggs, a commercial product, would have been produced and unquestionably the process would have been that of manufacturing.
In the instant case, does the fact that the process had to do with the mechanical stimulation and development of an animal germ to a living animal itself as the end product for immediate sale in the channels of commerce take the operation out of the category *21 of manufacturing? The answer may be suggested by the fact that in certain clearly manufacturing processes, a germ is seized upon for development and transformation into a clearly manufactured product. The manufacturer in the production of his products— by hand or machinery or both — often has to deal with living as well as nonliving substances. For instance, the production of commercial yeast, which is an aggregate of vegetable microorganisms characterized by their ability to convert sugar into carbondioxide and alcohol, is a manufacturing process. The yeast organism is used for fermentation in the manufacturing process of making bread or brewing beer.
Likewise, a chicken egg has within itself a living reproductive cell. The accomplishment by artificial means of the development and transformation of this cell into a different form of life as a business enterprise for profit fully qualifies as a manufacturing operation.
The somewhat antithetical process has been recognized by this court as manufacturing, e. g., the slaughter of hogs and the adding to the value and use thereof by certain processes and combinations with other materials — whereby they are converted into bacon, lard and cured meats — with a view of making gain or profit. Engle v. Sohn & Co., 41 Ohio St., 691.
The reason for the partial exemption from taxation of tools and machinery used in agriculture or manufacturing is to encourage such use since it results in the production of more valuable personal • property which in turn becomes subject to taxation.
We are of the opinion that the tools and equipment in the instant case were used in manufacturing, aud that within the spirit and purpose of the statute they were entitled to partial exemption from taxation as provided for by the taxing statute.
The decision of the Board of Tax Appeals is re *22 versed and the matter is remanded to the Tax Commissioner for further proceedings consistent with the judgment and opinion of this court.

Decision reversed.

Zimmerman, Stewart, Middleton, Taft and Matthias, JJ., concur.